# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

ZAFER A. AKIN                                                                                                         GULSAH SENOL
LEPOLD RAIC                                                                                                           SIMI BHUTANI
ROBERT D. SALAMAN
-----------------------------------                                                                                   ----------------------------------------

**Via ECF**

December 5, 2019

Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    *Carmelo Tortorici, et al. v. Bus-Tev, LLC, et al.*
               Case No. 17-CV-7507 (PAC) (KHP)

Dear Judge Parker:

      We represent the Plaintiffs Carmelo Tortorici ("Tortorici"), Evaristo Mendez ("Mendez") and Luis Jiminez ("Jiminez") (Mendez and Jiminez, "settling Plaintiffs") in the above-referenced matter. We write on behalf of all Parties to inform the Court that a settlement has been reached for Mendez & Jiminez following extensive conversations over several months. Tortorici's case will proceed. We respectfully now seek Your Honor's approval of the attached Proposed Settlement Agreement.

      The Parties have concluded that the Proposed Settlement Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement as fair and reasonable.

      **I.**    **The Proposed Settlement Agreement Is Fair and Reasonable**

      In order for the parties Proposed Settlement Agreement to take effect, the Court must scrutinize and approve the Agreement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). The Court should approve the Settlement, so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. ELXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot USA, Inc.,* No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400   Fax. (212) 825-1440

seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In this action, the settling Plaintiffs, former employees at Defendant' Bus-Tev, LLC d/b/a Early Morning Seafood ("EMS") allege that Defendants EMS and Eric Tevrow ("Tevrow") (collectively, "Defendants") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime and spread-of-hours, and failing to provide statutory wage notices during their employment.

Mendez alleges that he worked for EMS as a driver and delivery person for 11 months from March 2016 through February 2017. Mendez further alleges that he worked six days per week, eleven hours per day, for a total of sixty six hours per week. Additionally, Mendez was not provided with a wage notice. Defendants provided pay records which indicate Mendez was paid $796.00 per week.

Jiminez alleges that he worked for EMS as a driver, delivery person and packer for 15 months from January 2013 to March 2014. Jiminez further alleges that he worked anywhere from 47.5 hours per week to 52.5 hours per week. Additionally, Jiminez was not provided with a wage notice. Defendants provided pay records which indicated Jiminez was paid $550.00 per week at the start of his employment, and later $660.00 per week.

Defendants dispute both the duration of employment and the amount of hours worked by both the settling Plaintiffs. Defendants contend that Mendez only worked for EMS for 6 months (26 weeks) at 46 hours per week. Defendants contend that Jiminez only worked for EMS for 1 year (52 weeks) at 46 hours per week. Defendants provided time records (which Plaintiffs dispute) which reflect this.

Following extensive settlement negotiations, the parties agreed to a total settlement of $42,500.00 – $17,500.00 to Mendez, $11,000.00 to Jiminez and $14,000.00 to Akin Law Group PLLC.

Given the risks for both sides in the litigation, the Proposed Agreement awarding the settling Plaintiffs a total sum of $42,500.00 is fair and reasonable for a number of reasons. First, the Settlement Agreement is fair financial compromise given the factual dispute over the duration of employment and the amount of hours worked by the settling Plaintiffs. Second, the Settlement Agreement will spare the parties the expense of conducting a trial. Third, the Settlement Agreement provides the settling Plaintiffs with an immediate recovery, as opposed to a delayed recovery, a paper judgment or none at all. Fourth, the Settlement Agreement allows the parties to avoid the litigation risks set forth above. Fifth, the Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel. The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of several months. Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

**AKIN LAW GROUP PLLC**
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

## II.   The Attorney's Fees Are Fair and Reasonable

Under the settlement, the settling Plaintiffs' counsel, Akin Law Group PLLC, receives $14,000.00 for its attorney's fees and costs.  Two attorneys at Akin Law Group PLLC worked on Plaintiffs' file.  Zafer A. Akin, the Principal at Akin Law Group, is an attorney in good standing with an unblemished record.  He was duly admitted to practice law in the State of New York in 1995, duly admitted to in the State of New Jersey in 1994, and duly admitted in the United States District Court for the Eastern District of New York in in 1995.  Mr. Akin was listed as one of the Top Lawyers in New York by the Legal Network for 2013 and 2014, was selected to Super Lawyers / New York Metro four years in a row, from 2014 through 2017 as an attorney who as attained a high-degree of peer recognition and professional achievement.  On June 30, 2005, Mr. Akin also received a Certificate of Appreciation for Extraordinary Service for serving as part of the New York State Trial Lawyers' Cares Team, which aided over 1,700 victims' families, *pro bono*.  Mr. Akin has an unblemished record practicing law for over 22 years as a General Partner at Akin and Smith from 1995 to 2010 and the Akin Law Group from 2010 up to the present, having represented thousands of clients.  His rate is $350.00 per hour.

Robert D. Salaman is an attorney in good standing with the New York State and New Jersey State Bars (admitted in 2013), the District Court of New Jersey and the Southern and Eastern District Courts of New York (admitted in 2013).  Mr. Salaman became a full time associate attorney at Akin Law Group upon admission to the New York and New Jersey State Bars in 2013.  He has worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on both the plaintiff and management side.  Mr. Salaman's accolades were recognized by Super Lawyers / New York Metro, which named him a Rising Star from 2015 to 2019.  His rate is $250.00 per hour.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonable of the fee award."  *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012).  As the *Wolinsky* court explained:

> In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees.  Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiff's counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.

*Id*. (internal citations and quotations omitted).

Here, based on the exchange of party information, settlement negotiations and the litigation risks, the Court can reasonably infer that the settling Plaintiffs' recovery has not been adversely affected by counsel's interest in its own compensation.  In addition, the costs and fees requested are in accordance with the settling Plaintiffs' engagement agreement with counsel, which provided that counsel would receive his reasonable attorney's fees and be reimbursed for costs incurred.

**AKIN LAW GROUP PLLC**

45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400    Fax. (212) 825-1440

The attorney's fees amount of $14,000.00 is reasonable under the lodestar approach which courts typically apply in FLSA cases. *See e.g. Gomez, supra,* 2014 U.S. Dist. LEXIS 45580, at *28. Assuming that the Court's "authority to reduce a statutory fee award by reason of the plaintiffs' 'partial or limited success'" applies in cases like this one where the fee amount has already been settled. *Cf. Picerni v. Bilingual Selt & Preschool, Inc.,* 925 F.Supp.2d 368, 37, n.37 (E.D.N.Y. 2013) (noting uncertainty as to "whether the court can or should determine the reasonableness of the fee claimed by plaintiff's attorney, and if it undertakes such a determination, what is the applicable standard"), no such reduction is warranted here. Indeed, the agreed amount of $14,000.00 is already substantially lower than the approximately $28,000.00 indicated on Plaintiffs' counsel's billing records. If the Court requires, Plaintiffs' counsel will supply the Court with its time and billing records for this matter.

This Court has held that a standard one-third settlement for attorney's fees is "consistent with the trend in this Circuit." *Kochilas v. National Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. 2015); *Nojera v. Royal Bedding Co., LLC*, 2015 WL 3540719 at *3 (E.D.N.Y. 2015) (noting that one-third contingency fees "are commonly accepted in the Second Circuit in FLSA cases"). **In this case, the attorney's fees and costs Plaintiffs' counsel is recovering are just less than 33% of the settling Plaintiffs' recovery.**

Given Plaintiffs' counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and frequent negotiations. Accordingly, the time spent by Plaintiffs' counsel on this case was reasonable.

Accordingly, we respectfully request that the Court approve the Settlement Agreement and dismiss this case as to Mendez and Jiminez with prejudice. We thank Your Honor for your time and attention to this matter.

Very truly yours,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman

cc:   Mark E. Spund
      *Attorneys for Defendants*
      (via ECF)